UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

UNITED STATES OF AMERICA,                       Criminal No. 08-332 JMR/AJB

           Plaintiff,

v.                                    **REPORT AND RECOMMENDATION**

ROLANDO VAZQUEZ-GONZALEZ,

           Defendant.

        Michael A. Dees, Esq., Assistant United States Attorney, for the plaintiff, United States of America;

        Lyonel Norris, Esq., Assistant Federal Defender, for defendant Rolando Vazquez-Gonzalez.

        This action came on for hearing before the Court, Magistrate Judge Arthur J. Boylan, on December 2, 2008, at the U.S. Courthouse, 316 No. Robert St., St. Paul, MN 55101. The Court issued an Order on Motions dated December 3, 2008, reserving defendant Rolando Vazquez-Gonzalez' Motion to Suppress Evidence obtained as the result of an automobile stop for submission to the District Court on report and recommendation.

        Based upon the file and documents contained therein, along with testimony presented at hearing, the Magistrate Judge makes the following:

**Findings**

        Ramsey County Sheriff's Deputy Aaron Smestad was alone on patrol duty in a marked squad car in the vicinity of Lexington and County Road E in St. Paul at approximately 4:00 a.m. on October 8, 2008. The deputy was proceeding on Lexington Ave. when he observed a 1998 gray Oldsmobile Intrigue, which was initially stopped at the intersection of Lexington

and Harriet, then turned southbound on Lexington.  Deputy Smestad passed the Oldsmobile but continued to maintain visual contact and observed the vehicle turned off the street into a strip mall parking area.  He thereafter watched the Oldsmobile as it went slowly through the parking lot, turn around in the lot, then proceed to an exit onto Lexington.  The deputy did not observe the vehicle driver speeding or driving in an erratic or in unlawful manner.

      At the time there were no other vehicles in the parking lot and no shops in the strip mall complex were open.  Furthermore, there was no other vehicle traffic in the immediate area.  Deputy Smestad had frequently conducted early morning patrols in the area and had observed that traffic there is typically extremely light at 4:00 a.m.  Indeed, the only vehicle that he regularly observed in the strip mall parking area in the early morning was a Ford Escort used for drop-offs by a newspaper delivery driver.  Since the vehicle currently in the strip mall lot was unfamiliar to the deputy, and had not stopped in the lot, Smestad determined that the driver was not there for a newspaper drop, but might be "casing" the area for a robbery or graffiti purposes.  The officer was aware that there had been recent burglaries in the vicinity.  When he was approximately 300 yards past the strip mall on Lexington, the deputy turned around and drove back.  He did not immediately activate his flashing lights or siren, but he did turn on the lights when he neared the Oldsmobile as it was about to re-enter Lexington from the strip mall parking lot. Meanwhile, Deputy Smestad contacted police dispatch to check the license plates.  The deputy then went to the Oldsmobile to speak with the driver, defendant Vazquez-Gonzalez.  Smestad carried a flashlight and did not have his sidearm drawn.  He observed that the driver was alone in the vehicle, and the officer remained behind the driver's sight line as he asked the driver for a license and registration.  While standing near the car the deputy received a dispatch

report advising him that the license plates on the Oldsmobile were assigned to a different vehicle.

Based upon the foregoing Findings, the Magistrate Judge makes the following:

**Conclusions**

**Stop and Arrest.**  Suppression of evidence obtained as a result of the stop of vehicle driven by defendant Rolando Vazquez-Gonzalez on October 8, 2008, is not required. Defendant argues that stop was unlawful because the officer was acting on the basis of a mere hunch under circumstances in which the vehicle was not driven in an unlawful or erratic manner, either in the strip mall parking lot or on the public street, and Deputy Smestad had not observed any traffic violations or criminal activity which might have justified the stop.  The government asserts that the officer was essentially doing his job, and he adequately articulated a basis for reasonable suspicion that criminal activity was afoot.

Under the Fourth Amendment it is permissible for an officer to make a brief investigatory stop if he has a reasonable articulable suspicion that criminal activity is afoot. United States v. Tuley, 161 F.3d 513, 515 (8th Cir. 1999)(citing Terry v. Ohio, 392 U.S. 1, 21-22, 88 S.Ct. 1868 (1968)).  Circumstances which may justify reasonable suspicion must be examined in totality, and reasonable suspicion may be justified even when there are innocent explanations for the defendant's behavior.  Tuley at 515.  The lateness of the hour and the lack of other people in the area are factors which may support the existence of reasonable suspicion. Tuley at 515.  Furthermore, in examining the totality of circumstances the court must consider the extent to which an officer is drawing upon his own experience and training.  United States v. Hughes, 517 F.3d 1013, 1016 (8th Cir. 2008).

The vehicle stop at issue in this instance occurred in the early morning hours in an area in which there was essentially no traffic or other activity. The suspect vehicle was observed going very slowly from one end of the strip mall parking area to the other, and back again. Through his experience as an officer who frequently patrolled the area at that time of day, and was aware of prior burglaries in the vicinity, Deputy Smestad concluded that the driving behavior was out of the ordinary and was indicative of possible criminal activity, even though the driver's actions were not unlawful. Under the totality of circumstances in this instance officers had reasonable suspicion to justify the investigatory stop of the defendant's vehicle. Suppression of evidence obtained subsequent to the vehicle stop is not required.

**Statements.** Any statements made by the defendant to law enforcement officers were not obtained as the result of an unlawful vehicle stop, and suppression of statements on grounds that any such statements were the fruit of an unlawful stop is not required. Defendant motion to suppress statements as fruit of the poisonous tree should be denied.

Based upon the foregoing Findings and Conclusions, the Magistrate Judge makes the following:

### RECOMMENDATION

The Court **hereby recommends** that:

1. Defendant Rolando Vazquez-Gonzalez' Motion to Suppress Evidence be **denied**  [Docket No. 16]; and

2. Defendant Rolando Vazquez-Gonzalez' Motion to Suppress Statements, Admissions and Answers be **denied**  [Docket No. 18].

Dated:     December 5, 2008

               s/ Arthur J. Boylan
               Arthur J. Boylan
               United States Magistrate Judge

  Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before December 18, 2008.

  Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.